UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER W. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-cv-3098 |
| | ) | |
| PAUL LAWRENCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se from his detention in the Jacksonville Correctional Center, has filed a complaint under 42 U.S.C. § 1983 challenging the prosecution of charges against him.

### I. BACKGROUND

In his Complaint, Plaintiff alleges that Judge Paul Lawrence of the McLean County Circuit Court, in criminal case number 15-cf-1442, violated his duty to be impartial by improperly telling the prosecutor to return to the grand jury for an amended indictment charging Plaintiff with controlled substance offenses. Plaintiff also alleges that Officer Christopher Lempke and Special Agent Thomas

Vagasky violated Plaintiff's due process rights by making false statements in the police report that the substance field test tested positive for cocaine. Plaintiff asserts that these false statements improperly supported the basis for the indictment and the prosecution against him. Finally, Plaintiff asserts that Assistant State's Attorneys Jeffrey Horve and Erica Reynolds maliciously prosecuted Plaintiff and violated Plaintiff's due process rights by filing an affidavit in support of an arrest warrant and an information knowing them to contain false information. Plaintiff asserts that this false information improperly served as the basis for the charges against him.

## II. LEGAL STANDARD

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. United States, 721 F.3d 418, 422 (7th Cir. 2013) (quotations omitted).

## III. ANALYSIS

Plaintiff's Complaint is premature. Plaintiff cannot pursue a civil claim challenging the validity of his conviction until he overturns his conviction through other legal routes, such as in a habeas corpus action after exhausting state court appeals. Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Plaintiffs' allegations are, in essence, a challenge to his conviction. Plaintiff states in his Complaint that the direct appeal from his criminal case is currently pending. As such, his § 1983 claim is premature at best.

If Plaintiff is claiming instead that he was falsely arrested, that claim would not be barred by Heck, but it would be barred by the

two-year statute of limitations, since Plaintiff was arrested in December 2015, more than two years before he filed this case. The Court also notes that Judge Lawrence and the Assistant State's Attorneys are absolutely immune from damages liability for actions taken in the criminal proceedings. Fields v. Wharrie, 740 F.3d 1107, 1110 (7th Cir. 2014) ("Prosecutors, like judges, enjoy absolutely immunity from federal tort liability, whether common law or constitutional . . . .").

## CONCLUSION

**IT IS ORDERED:**

1) Plaintiff's Complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).

2) Plaintiff may file an amended complaint by June 15, 2018. If Plaintiff does not file an amended complaint or if Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).[1] If

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis

Plaintiff files an amended complaint, the amended complaint will replace the original complaint. Piecemeal amendments are not permitted.

3) The Clerk of the Court is directed to enter the standard order granting Plaintiff's petition to proceed in forma pauperis (d/e 2) and assessing the initial partial filing fee.


**ENTERED: May 15, 2018**

**FOR THE COURT:** <u>**s/ Sue E. Myerscough**</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**

---

(without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).