UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER W. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  18-cv-3098 |
| | ) |
| PAUL LAWRENCE, et al., | ) |
| | ) |
| Defendants. | ) |

**SECOND MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:

Before the Court are two Amended Complaints filed by Plaintiff, proceeding pro se from his detention in the Jacksonville Correctional Center, pursuant to 42 U.S.C. § 1983 challenging the prosecution of charges against him and his access to legal resources while he was in custody at the McLean County Jail.

### I.  BACKGROUND

Plaintiff filed his original Complaint in this case on May 1, 2018.  On May 17, 2018, the Court dismissed the Complaint for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915 and

Federal Rule of Civil Procedure 12(b)(6).  The Court dismissed the Complaint without prejudice and granted Plaintiff leave to file an amended complaint.  On May 23, 2018, Plaintiff filed the First Amended Complaint (d/e 7).  On June 18, 2018, Plaintiff filed what appears to be a Second Amended Complaint but what is docketed as a motion to file an amended complaint (d/e 11).  The Court GRANTS the motion to file the Second Amended Complaint.  Based on Plaintiff's apparent intent, the Second Amended Complaint does not replace the First Amended Complaint; rather, it is supplemental.  The Court will consider both Complaints here.

In the First Amended Complaint, Plaintiff alleges that Judge Paul Lawrence of the McLean County Circuit Court failed to perform his role as a neutral and impartial arbiter during a hearing on problems with Plaintiff's indictment.  Hearing on Motion to Quash Indictment and Dismiss the Cause, McLean County Circuit Court case number 15-cf-1442 (May 20, 2016).  Plaintiff alleges that Judge Lawrence violated Plaintiff's due process rights by improperly suggesting that the Assistant State's Attorney return to the grand jury to reindict Plaintiff properly on his controlled substance offense charges.

Plaintiff also alleges that Officer Christopher Lempke violated Plaintiff's Fourth and Fourteenth Amendment rights during his arrest in the state case. Plaintiff alleges that Officer Lempke stated in the police report that Plaintiff was found to be in possession of cocaine, but the lab report later concluded that the substance was heroin. Plaintiff claims that Officer Lempke falsely arrested him because Lempke included a false material statement in the police report—that Plaintiff was found with cocaine. Plaintiff also claims that Officer Lempke may have placed the controlled substance in Plaintiff's vehicle during the stop.

In the Second Amended Complaint, Plaintiff reiterates his claims against Judge Lawrence. Plaintiff also includes a new claim against Jon Sandage, Sheriff of the McLean County Jail, who previously has not been named as a defendant in this action. The Court construes the Second Amended Complaint as requesting joinder of Sheriff Sandage as an additional defendant. The Court grants the joinder and directs the Clerk of the Court to add Jon Sandage as a defendant in this case.

The Second Amended Complaint alleges that Sheriff Sandage violated Plaintiff's Fourteenth Amendment rights by restricting

Plaintiff's access to legal resources while Plaintiff was in custody at the McLean County Jail at various times between 2015 and 2017. Plaintiff alleges that the jail provides no law clerk nor any other legal assistance to inmates. Plaintiff further alleges that the law library contains about 40 books, primarily consisting of state statute collections. The book collection includes no state or federal reporters, treatises, or other materials.

Neither the First nor the Second Amended Complaint renews any claims against the remaining Defendants named in the original Complaint: Special Agent Thomas Vagasky and Assistant State's Attorneys Jeffrey Horve and Erica Reynolds. Therefore, they remain dismissed from this action.

## II. LEGAL STANDARD

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. United States, 721 F.3d 418, 422 (7th Cir. 2013) (quotations omitted).

## III. ANALYSIS

Like the original Complaint that the Court dismissed, the First Amended Complaint is premature. Plaintiff cannot pursue a civil claim challenging the validity of his conviction until he overturns his conviction through other legal routes, such as in a habeas corpus action after exhausting state court appeals. Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Plaintiffs' allegations are, in essence, challenges to his conviction. Plaintiff stated in his original Complaint that the direct appeal from his criminal case was pending as of May 1, 2018. As such, his § 1983 claim is premature at best.

To the extent that Plaintiff is claiming that Officer Lempke falsely arrested Plaintiff, that claim would not be barred by Heck, but it would be barred by the two-year statute of limitations, since Plaintiff was arrested in December 2015, more than two years before he filed this case. See Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014) (In Illinois, § 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202). Further, Plaintiff's allegations against Officer Lempke do not actually allege a false arrest. Plaintiff does not assert that Lempke arrested him without probable cause to believe that Plaintiff was in possession of a controlled substance. Rather, Plaintiff alleges that Officer Lempke lied about the identity of the drug in the police report and/or may have inserted the drugs into Plaintiff's vehicle. These allegations do not attack the legality of the arrest itself; they instead attempt to challenge the validity of the state prosecution against him. Therefore, they are barred by Heck. Holly v. Boudreau, 103 Fed. Appx. 36 (7th Cir. 2004) (allegations in § 1983 suit of false police report would call validity of conviction into question, and, therefore, Heck precluded the claims until conviction was set aside through

some other legal route, such as on appeal or in post-conviction proceedings).

Further, the Court notes that Judge Lawrence and Assistant State's Attorneys Jeffrey Horve and Erica Reynolds are absolutely immune from damages liability for actions taken in the criminal proceedings. Fields v. Wharrie, 740 F.3d 1107, 1110 (7th Cir. 2014) ("Prosecutors, like judges, enjoy absolutely immunity from federal tort liability, whether common law or constitutional . . . .").

Finally, the allegations against Sheriff Sandage do not state a claim for relief. Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance. Bounds v. Smith, 430 U.S. 817 (1977). The right of access, however, is not "an abstract freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). Instead, prisons must not impinge on a prisoner's efforts to pursue a legal claim. Additionally, even if access is impeded, no claim arises unless Plaintiff suffered an "actual injury"—that the impeded access also impeded Plaintiff's non-frivolous legal claim. In re Maxy, 674 F.3d 658, 660 (7th Cir. 2012).

Plaintiff has not alleged that Sheriff Sandage impeded his access to legal resources or that he has suffered actual injury. Plaintiff explains that Sheriff Sandage grants access to the law library, although access may be granted as late as 1:00 AM. While the allegations of the Second Amended Complaint describe a library wanting in books and other resources, nothing suggests that Sheriff Sandage impinged on Plaintiff's efforts to pursue any legal claim. Nor has Plaintiff alleged any injury. Plaintiff has been able to bring his claims in this case, setting forth factual allegations in three complaints based on his knowledge of the facts. Nothing in the Second Amended Complaint alleges that Sheriff Sandage prejudiced Plaintiff's legal pursuits in this or any other case. Therefore, Plaintiff has not stated a claim for relief against Sheriff Sandage.

## CONCLUSION

**IT IS ORDERED:**

1) The Clerk of the Court is directed to add Jon Sandage as a defendant in this case. The motion for leave to file a Second Amended Complaint is granted.

2) Plaintiff's First and Second Amended Complaints are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).

3) The Clerk of the Court is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

4) This dismissal shall count as one of Plaintiff's three allotted "strikes," pursuant to 28 U.S.C. § 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

5) Plaintiff must still pay the full filing fee of $350 even though this case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of the Court, as directed in the Court's prior order.

6) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

7) All pending motions are terminated. CASE CLOSED.

ENTERED: July 6, 2018

FOR THE COURT:	s/ Sue E. Myerscough
	SUE E. MYERSCOUGH
	UNITED STATES DISTRICT JUDGE